**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Wayne Cook, | No. CV 10-2454-PHX-RCB |
| Plaintiff, | **ORDER** |
| vs. | |
| Janice K. Brewer, et al., | |
| Defendants. | |

Plaintiff Daniel Wayne Cook, who is an Arizona prisoner under sentence of death, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants to answer the Complaint.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $14.86. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

## III. Complaint

In his three-count Complaint, Plaintiff sues the following Defendants: Arizona Governor Janice K. Brewer, Arizona Department of Corrections Director Charles L. Ryan, Eyman Unit Warden Ernest Trujillo, Florence Unit Warden Carson McWilliams, and Does 1-50. In Count One, Plaintiff alleges that the State's use of non-FDA approved sodium thiopental manufactured in a foreign country creates a substantial and unnecessary risk of

serious harm in violation of his rights under the Eighth Amendment. In Count Two, Plaintiff alleges that the State's failure to provide him with notice regarding the sodium thiopental it intends to use in his execution violates his right to due process under the Fourteenth Amendment. In Count Three, Plaintiff alleges that the administration of non-FDA approved sodium thiopental from a foreign source by a medical doctor or other trained medical professional demonstrates deliberate indifference to his right to be free from cruel and unusual punishment under the Eighth Amendment. In his Prayer for Relief, Plaintiff seeks declaratory and injunctive relief. The Court has reviewed the Complaint. Plaintiff has stated Eighth Amendment and Due Process claims. The Court will require Defendants to answer the Complaint.

**IT IS THEREFORE ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $14.86.

(3)     The Clerk of Court shall forward to the United States Marshal copies of the Summons, Complaint, and this Order.

(4)     The United States Marshal shall serve copies of the Summons, Complaint, and this Order upon Defendants Janice K. Brewer, Charles L. Ryan, Ernest Trujillo, and Carson McWilliams pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

(5)     Defendants shall answer the Complaint and/or respond by appropriate motion pursuant to the applicable provisions of Rules 12 and 56 of the Federal Rules of Civil Procedure **no later than Friday, December 3, 2010**.

DATED this 15th day of November, 2010.

_____
Robert C. Broomfield
Senior United States District Judge